In re BYRNE.

District Court, W. D. Washington, S. D.
May 25, 1928.

No. 3054.

Aliens ⊙═68(2)—Alien honorably discharged
from United States Navy held not entitled
to naturalization without previous declara-
tion of intention; "armies of the United
States" (8 USCA § 395).

Alien honorably discharged from United
States Navy *held* not entitled to naturalization
without previous declaration of intention, under
Rev. St. § 2166 (8 USCA § 395), authorizing
such naturalization in case of aliens honorably
discharged from regular or volunteer forces of
the United States armies; words "armies of the
United States" not including the navy.

Petition of Dennis Byrne for naturaliza-
tion. Petition dismissed without prejudice.

CUSHMAN, District Judge.    Dennis
Byrne, born in 1867, in Ireland, who came to
the United States in 1885, petitions for nat-
uralization under Sec. 2166 R. S. (8 USCA
§ 395). While his petition avers an honor-
able discharge from the United States Army,
October 26, 1898, he testified upon the hear-
ing of his petition that his service was in the
United States Navy. There is no allegation
nor evidence of any declaration of intention.
Objection is made to the applicant's admis-
sion for the reason that section 2166, R. S.,
relates to service in the Army of the United
States, and that petitioner is not eligible for
naturalization under any special statute, be-
cause of his service in the United States
Navy.

The district director cites Act of July 26,
1894, 28 Stat. at Large, 124; Act of June
30, 1914, 38 Stat. at Large, 395; section 2
of the Act of May 9, 1918, 40 Stat. at Large,
547 (8 USCA § 395); In re Bailey, Fed.
Cas. No. 728, 2 Sawy. 200; In re Chamavas
(Super. Buff.) 21 N. Y. S. 104. The peti-
tioner has submitted the matter without ar-
gument.

Section 2166, R. S., Comp. Stat. § 4355,
provides for naturalization without previous
declaration of intention of any alien of 21
years and upwards,  " *  *  *  who has en-
listed, or may enlist, in the armies of the
United States, either the regular or the vol-
unteer forces, and has been, or may be here-
after, honorably discharged.  *  *  * " Fur-
ther provision is therein made that proof of
more than one year's residence in the United
States should not be required. This statute
was enacted in 1862. 12 Stat. at Large, 597.
In 1872, in Re Bailey, Fed. Cas. No. 728, 2
Sawy. 200, the District Court of Oregon cit-
ing U. S. v. Freeman, 3 How. (44 U. S.) 564,

11 L. Ed. 724, and Wilkes v. Dinsman, 7
How. (48 U. S.) 125, 12 L. Ed. 618, held
that the words of the section, "armies of the
United States," do not include "marines."
In its opinion the court said:

"  *  *  *  The term 'army' or 'armies'
has never been used by Congress, so far as I
am advised, so as to include the navy or ma-
rines, and there is nothing in the act of 1862,
or the circumstances which led to its passage,
to warrant the conclusion that it was used
therein in any other than its long established
and ordinary sense—the land force, as dis-
tinguished from the navy and marines. On
a former occasion, this court decided orally
that a seaman was not within the provision
of this act. Upon further and careful ex-
amination of the subject, I am unable to find
any substantial reason for concluding that
there is any difference in this respect between
a seaman and a marine, or that persons who
have served as either are to be regarded as
having served in the armies of the United
States, within the ordinary and long-estab-
lished meaning of that term. And if I am
mistaken in this conclusion, the petitioner is
not without remedy. Congress, if it sees
proper, may extend the act of 1862 to ma-
rines by name, as it did the bounty land acts
of February 11, 1847, and September 28,
1850."

Thereafter Congress, by the Act of July
26, 1894, 28 Stat. at Large, 124, Comp. Stat.
§ 4356, made provision for the naturaliza-
tion, without previous declaration of inten-
tion, of aliens honorably discharged from the
Navy and the Marine Corps. By the Act of
June 30, 1914, 38 Stat. at Large, 392–395,
provision was made for such naturalization
for those honorably discharged from service
in the Navy, Marine Corps, or from the Rev-
enue Cutter Service. By section 2 of the Act
of May 9, 1918, 40 Stat. at Large, 542, 546,
and 547, the foregoing statutes were re-
pealed.

Concerning section 2166, R. S., under
which the petitioner's application is filed,
section 2 contains the following provision:
"  *  *  *  Provided further, that as to all
aliens who, prior to January first, nineteen
hundred, served in the armies of the United
States and were honorably discharged there-
from, section twenty-one hundred and sixty-
six of the Revised Statutes of the United
States shall be and remain in full force and
effect, anything in this Act to the contrary
notwithstanding." 8 USCA § 395.

The district director's objection must be
sustained, and petitioner's application will
be dismissed, without prejudice to his apply-
ing for naturalization under the general law.